# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS SAMANO, | CASE NO. 1:07-cv-00394-OWW-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| W. COPELAND, et al., | (Doc. 13) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.      Screening Requirement**

Plaintiff Marcos Samano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
2  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
3  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
4  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
5  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
6  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
7  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
8  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff filed this action on March 12, 2007. On June 16, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on October 9, 2007. The Court has reviewed the amended complaint and finds that it is identical to the original complaint. Accordingly, as set forth herein, the Court finds Plaintiff has failed to state a claim and recommends dismissal of this action, with prejudice.

**III.    Plaintiff's Claims**

Plaintiff is an inmate currently housed at Pleasant Valley State Prison, where the events at issue in this action occurred. Plaintiff alleges that he takes high blood pressure medication and has a medical condition which causes an urgent need to use the bathroom. Plaintiff alleges that Defendant Copeland found him using the bathroom without a pass, and would not listen to his explanation. Defendant Copeland refused to allow Plaintiff to finish, which caused Plaintiff to soil himself with fecal matter, and when Plaintiff tried to seek redress from Defendant's supervisor, Defendant sent Plaintiff back to his class with soiled pants. Plaintiff alleges Defendant threatened to file false disciplinary charges against Plaintiff. Plaintiff alleges that he placed supervisory personnel on notice, but Defendants Yates, Beels, Scott, and Greene were not receptive and did not attempt to correct the violations.

///
///
///

### A. Section 1983 Claims

#### 1. First Amendment Claim

Plaintiff alleges that his First Amendment rights were violated, but fails to identify what First Amendment claim he is pursuing. To the extent that it is one for retaliation, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has not alleged any facts supporting a claim that Defendant took adverse action against him for exercising his First Amendment rights. Threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987), and therefore, the threat to charge Plaintiff with a disciplinary violation does not support a retaliation claim under section 1983. Further, although Defendant did author two counseling chronos, attached as exhibits to the amended complaint, the issuance of these informational documents does not constitute adverse action sufficient to give rise to a claim for violation of the Constitution. (Doc. 13, pgs. 38 & 39.)

#### 2. Eighth Amendment Claim

Plaintiff alleges his rights under the Eighth Amendment were violated. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be

///

held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations do not support a claim that Defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff fails to state a claim against Defendant Copeland for violation of his rights under the Eighth Amendment.

### 3. Fourteenth Amendment Claim(s)

Plaintiff alleges that his rights under the Fourteenth Amendment were violated. However, Plaintiff does not identify which rights he believes were violated. Therefore, the Court will address both due process and equal protection.

#### a. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due

4

Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts demonstrating that Defendant Copeland deprived him of a protected liberty interest without due process of law. Accordingly, Plaintiff fails to state a claim.

      **b. Equal Protection**

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's amended complaint is devoid of facts supporting a claim that Defendant Copeland violated his right to equal protection. Therefore, Plaintiff fails to state a claim.

    **4. Supervisory Liability Claims**

Plaintiff seeks to impose liability on Defendants Yates, Beels, Scott, and Greene for supervisory liability. Under section 1983, liability may not be imposed on supervisory personnel for

the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff's amended complaint does not state any cognizable claims for relief for violation of Plaintiff's constitutional rights. Absent the existence of a violation of Plaintiff's constitutional rights, there is no basis upon which to impose supervisory liability against Defendants. Further, even if Plaintiff had alleged a cognizable violation of his constitutional rights, Plaintiff's amended complaint is devoid of any allegations supporting a claim that Defendants personally participated in the alleged deprivation of a constitutional right; knew of the violation and failed to act to prevent it; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

      **B.**    **Section 1981 Claim**

Plaintiff alleges a claim for violation of 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination by private actors. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). The defendants in this case are state actors not private actors. Plaintiff may not pursue a claim under section 1981.

      **C.**    **Section 1985 Claim**

Plaintiff alleges a claim for violation of 42 U.S.C. § 1985. Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), Plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the

equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff's amended complaint does not set forth any facts supporting a claim that his rights under section 1985 were violated.

### D. Section 1988 Claim

Plaintiff alleges a claim for relief under 42 U.S.C. § 1988. Section 1988 does not create an independent cause of action. See Moor v. County of Alameda, 411 U.S. 693, 703-04 n.17 (1973). Therefore, Plaintiff may not pursue a claim for relief against Defendants under section 1988.

### E. ADA Claim

Plaintiff alleges a claim for violation of Title II of the Americans with Disabilities Act (ADA), which "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff's amended complaint sets forth no facts supporting a claim that he was "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Therefore, Plaintiff fails

to state a claim.  Further, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'"  Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).  "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'"  Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)).  Public entity, "'as it is defined within the statute, does not include individuals.'"  Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).  Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

**III.    Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under federal law.  Plaintiff was previously provided with the opportunity to cure the deficiencies in his claims but failed to do so.  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 22, 2008**                    /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE